**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Andre Decosta, Appellant.

Appellate Case No. 2011-196666

Appeal From Beaufort County
Thomas W. Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-442
Submitted August 1, 2015 – Filed August 26, 2015

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:** Andre Decosta appeals his convictions for grand larceny of property valued at $10,000 or more, second-degree burglary, and third-degree

arson, arguing the trial court erred in refusing to suppress evidence obtained as a result of the stop of a vehicle.  We affirm.

We find that even if the trial court erred in finding the police officer had reasonable suspicion of criminal activity to justify the stop, the evidence was admissible because the evidence would have inevitably been discovered by lawful means when the officer learned the vehicle's license tag was suspended.  *See State v. Spears*, 393 S.C. 466, 482, 713 S.E.2d 324, 332 (Ct. App. 2011) (stating that under the inevitable discovery doctrine, evidence obtained in violation of the Fourth Amendment is admissible "if the prosecution can establish by a preponderance of the evidence that the [evidence] ultimately or inevitably would have been discovered by lawful means"); *State v. Pichardo*, 367 S.C. 84, 97, 623 S.E.2d 840, 847 (Ct. App. 2005) ("Where probable cause exists to believe that a traffic violation has occurred, the decision to stop the automobile is reasonable per se.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.